**DOVER PRODUCTS CO., INC., a Delaware Corporation, Defendant Below, Appellant,**

v.

**Austin P. OLNEY, Secretary of the Department of Natural Resources and Environmental Control, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted March 9, 1981.

Decided March 24, 1981.

Roy S. Shiels (argued) of Brown, Shiels & Chasanov, Dover, for defendant-appellant.

June D. MacArtor (argued), Deputy Atty. Gen., Dover, for plaintiff-appellee.

Before HERRMANN, C. J., and DUFFY and QUILLEN, JJ.

PER CURIAM:

Appellant, Dover Products Co. (Dover), defendant below, contends that the Superior Court erred in holding it strictly liable under 7 *Del.C.* § 6005, a general civil enforcement statute covering environmental control. As we view the appeal, however, it is useful to divide the contention into its factual and legal components.

■ Dover operates a rendering facility in Kent County. During the evening hours of February 22, 1978, an unknown depositor dumped, without permission, approximately ten tons of dead, rotting chickens at the plant. This fowl flesh emitted an unappealing odor until sometime the following day, when Dover had completely disposed of its unwanted bounty. Consequently, appellee, Department of Natural Resources and Environmental Control (DONREC), plaintiff below, charged Dover with two counts of violating 7 *Del.C.* § 6005(b)(1), claiming two days of pollution. Section 6005, in relevant part, states:

"(b) Whoever violates this chapter or any rule or regulation duly promulgated thereunder, or any condition of a permit issued pursuant to § 6003 of this title, or any order of the Secretary, shall be punishable as follows:

(1) If the violation has been completed, by a civil penalty imposed by Superior Court of not less than $1,000 nor more than $10,000 for each completed violation."

The precise basis for Dover's violation of § 6005 was § 2.1 of Regulation No. XIX, which reads:

"No person shall cause or allow the emission of an odorous air contaminant such as to cause a condition of air pollution."

Although holding Dover liable, the lower Court found that "an unknown third party, *without* authorization", dumped the dead chickens at Dover's plant (emphasis added). It also seems clear from the letter opinion that the Trial Judge found the unauthorized dumping was the cause of the odor. This Court is bound by the finding that Dover neither expressly nor impliedly authorized this particular dumping. That finding, we believe, absolves Dover from initial liability. Dover literally did not "cause or allow" the air pollution. The dumping was unauthorized. If anyone violated § 6005, it was the mystery dumper. We cannot agree with the Superior Court that since "noxious odors emanated from the plant on the two days at issue, [that] Court must find for the plaintiffs." We therefore cannot uphold the Superior Court decision as to Dover's liability on the facts of this case. Even assuming that we agree with the Superior Court's well-supported conclusion that § 6005 is a strict liability statute,* Dover is not liable in this case because it neither caused nor allowed, expressly or implicitly, the initial act causing the air pollution.

■ As to the count relating to February 22, 1978, we think the views expressed above end the matter. As to the count relating to February 23, 1978, however, there is a further consideration. At the post-finding penalty hearing, the Trial Judge noted that a single employee came back the second day. The Court said "he, himself did what he could have done but that was not enough and I think the company should have known that. The company should have been prepared for that." This raises the question as to whether Dover, as the operator of a rendering facility, took reasonable steps to alleviate the odor caused by an unauthorized dumping. While Dover cannot be strictly liable for an unauthorized act caused or allowed by someone else, it may have a duty to use the care of a reasonable renderer in disposing of the unauthorized material. Failure to use such care may make the odor caused by the initial unauthorized act Dover's responsibility. If it were negligent in this regard, it could be found to be in violation of the statute.

Since, with regard to the second day, February 23, 1978, we are not satisfied that the liability considerations set forth above were focused upon by the Court or the parties at the time of the trial on the merits, we will set aside the findings and remand the case as to that count. Each side should have the opportunity to supplement the record before the Trial Court makes a new finding. If a violation is found, the Trial Judge should assess a new penalty in light of the complete and updated record.

The judgment of the Superior Court as to the first count is reversed. The judgment of the Superior Court as to the second count is set aside and the case is remanded to the Superior Court for further proceedings consistent with this opinion.

---

* The Superior Court said: "[I]t is the doing of the act itself which furnishes the violation. It is no defense that the act was done through mistake, lack of intent, or accident."